Judge Timothy Dore
Chapter 13

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>CAROL ENGEN ,<br><br>      Debtor(s),<br><br>CAROL ENGEN<br>      Plaintiff<br><br>Vs.<br><br>United States Department of the Treasury, Internal Revenue Service<br>      Defendant | No.: 18-12259<br><br>Adv. Proceeding No.<br><br>COMPLAINT OBJECTING TO CLAIM OF THE UNITED STATES, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE |

Comes now the Plaintiff/Debtor, Carol Engen, by and through her attorney, Larry B Feinstein, and for objection to the Amendment No. 1 to Proof of Claim filed by the Department of the Treasury, Internal Revenue Service, [hereinafter "IRS"] dated August 1, 2018, complains and states as follows:

1. The plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code on or about June 6, 2018, and is a debtor in those proceedings. [Hereafter either "Plaintiff" or "Engen".]. This court has jurisdiction to hear this matter under 26 U.S.C. §157. This is a core proceeding under 26 U.S.C. §157(b)(2).

2. The defendant, Unites States Department of the Treasury, Internal Revenue Service, filed a Proof of Claim in those proceedings on or about June 14,

IRS Complaint
Page 1 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD   Doc 1   Filed 10/31/18   Ent. 10/31/18 12:40:48   Pg. 1 of 15

2018, and that said Claim was amended by Amended Claim #1 on or about August 2, 2018.

3. By line item in the Amended Proof of Claim, the Plaintiff objects to the Amended Proof of Claim as follows:

   a. Objection is made to Secured Claim line 1 of the IRS Proof of Claim for Tax Period 12/31/2004 entitled "civil pen" (assumption this refers to 26 USC §6702) for a total of $33,769.52 because:

      1. The assessment is time barred pursuant to 26 CFR 301.6501(c)-1(c). The final assessment date for a 2004 tax year is 4/15/2008 (26 CFR 301.6501(c)-1(c)). The assessment date claimed by the Government is 9/01/2008. Transcripts furnished by the government indicate four additional §6702 penalty claims were assessed by the IRS for the tax year 2004. All the dates are after 4/15/2008. Therefore, all penalty assessments for 2004 are time barred pursuant to §6501 and its regulations;

      2. The plaintiff made no submission(s) that would support the assessment of §6702 penalties against Engen. Engen did not file a tax return for 2004 as she did not have income sufficient to require the filing of a return;

      3. Notwithstanding ¶2, if such a submission(s) was made, the plaintiff was not given an opportunity to withdraw any submission under §6702(b), and that therefore before the penalty may be assessed, the Plaintiff has not been given the opportunity to withdraw any such submission, if made.

      4. Notwithstanding ¶2 and ¶3 above, if any such submission(s) were made, all such submissions have been revoked and rescinded in writing to the IRS.

IRS Complaint
Page 2 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 2 of 15

5. The IRS did not issue any written management approval for the assessment of any penalties, which is required in order to assess a §6702 penalty for a frivolous tax submission pursuant to 26 U.S.C. §6751(b)(1).
6. Engen had no taxable income in 2004 therefore there were no amounts due for taxes that a penalty could be added to as required by §6651(a).

b. Objection is made to Secured Claim line 2 of the IRS Proof of Claim for Tax Period 12/31/2005 entitled "income" for a total of $13,283.00 tax due, $13,991.55 penalty and $9,258.54 interest because:
1. The income tax assessment is time barred because of 26 U.S.C. §6501. The final assessment date for a 2005 tax year is 4/15/2009 (26 CFR 301.6501(c)-1(c)). The assessment date claimed by the Government is 6/1/2009,
2. The income tax assessed was time barred therefore there were legally no tax amounts due that a penalty could be added to as required by §6651(a).
3. Any other returns or submissions made by Plaintiff for tax year 2005 that purported to show income or tax liability is incorrect, and any such submissions were revoked and rescinded in writing by plaintiff.

c. Objection is made to Secured Claim line 3 of the for the Tax Period 12/31/2005 entitled "civil pen" (assumption this refers to 26 USC §6702) in the amount of $34,185.44 penalty and $11,823.56 interest because:

IRS Complaint  
Page 3 of 8

Vortman & Feinstein  
929 108th Ave. NE, Ste 1200  
206-223-9595  
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 3 of 15

1. The IRS Proof of Claim indicates that the 2005 tax year penalties were assessed on 4/14/2005 but the United States filed a response into the underlying bankruptcy case entitled UNITED STATES RESPONSE TO OBJECTION TO PROOF OF CLAIM OF THE INTERNAL REVENUE SERVICE ("RESPONSE"), incorporated herein. That filing on page 7 admitted the penalty assessed on 4/14/2008 was paid. The cut-off date for assessing penalties for the 2005 tax year is 4/15/2009 (26 CFR 301.6501(c)-1(c)). The two penalties and interest assessed on 8/30/2010 and 9/6/2010 tax year 2005 are time barred pursuant to §6501 and its implementing regulations,

2. The penalty assessed on 9/6/2010 for $15,000.00 exceeds the statutory allowed amount of the penalty by $10,000.00 and is therefore unlawful (§6702 mandates a $5000,00 penalty, not $15,000.00), and should be disallowed;

3. The plaintiff did not make any submission(s) as required by §6702 or no requests for hearing have been made by plaintiff that would support the assessment of §6702 penalties against Engen;

4. The IRS did not obtain written management approval prior to making said penalty assessments, which is required in order to assess a §6702 penalty for a frivolous tax submission pursuant to 26 U.S.C. §6751(b)(1)

5. Notwithstanding ¶3, if Plaintiff did make any such submission(s), Plaintiff was not given an opportunity to withdraw any submission that the IRS deemed to be frivolous, as required under §6702(b), if such submissions were made, and that therefore the penalty(s) must be denied.

IRS Complaint
Page 4 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 4 of 15

6. Regardless of the above, if any such submissions were made, all such submission were revoked and rescinded in writing by the plaintiff.

7. The civil penalties for this line item depend on the tax amount due in line 2 above. Line item 2 is time barred. Therefore, the civil penalties in line 3 have no tax amounts due that a penalty can be added to as required by §6651(a)

   d. Objection is made to the Secured Claims at line 4 for the Tax Period of 2006 entitled "civil pen" (assumption this refers to 26 USC §6702) in the amount of $40,006.00 penalty and interest of $13,342.86 which because:

   1. The $40,006.00 and its interest is a cumulative amount. The Penalty claims for 2006 consisted of a $15,000.00 penalty assessment on 3/2/2009, a $5,000.00 penalty assessment on 8/30/2010, and a $20,000.00 penalty assessment on 9/6/2010. The cut-off date for assessment for the 2006 tax year is 4/15/2010 (26 CFR 301.6501(c)-1(c)). For that reason the penalty claims for 8/30/2010 and 9/6/2010 are time barred pursuant to §6501.

   2. The penalty assessment on 3/2/2009 for $15,000.00 exceeds the §6702 statutory allowed amount by $10,000. The assessment on 9/6/2010 while time barred, also exceeds the §6702 statutory allowed amount by $15,000.00. These amounts are in excess of the allowed §6702 statutory amount and must be denied.

   3. Plaintiff made no submission(s) that would support the assessment of §6702 penalties against Engen.

IRS Complaint
Page 5 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 5 of 15

4. Notwithstanding ¶3, is any such submissions were made, all such submissions were revoked and rescinded by the plaintiff in writing.
5. Plaintiff was not given an opportunity to withdraw any submission(s), if any, that the IRS determined to be frivolous under §6702(b), and therefore the penalty(s) must be denied.
6 The IRS did not obtain written management approval prior to issuing said penalty(s), which is required in order to assess a §6702 penalty for a frivolous tax submission pursuant to 26 U.S.C. §6751(b)(1).
7 Engen had no taxable income for 2006, therefore, there are no tax amounts due for the penalty to be added to as required by §6651(a).

    e. Objection is made to the Secured Claim at line 5 for the Tax Period of 2007 for "income" tax for the amount of $5,896.06 and interest of $2,345.45 because:
1. Engen earned a total of $2,381.25 in tax year 2007 and had no other income. The 2007 income is well below any filing requirements and no tax was due. Therefore, the tax of $5,896.06 reported by the IRS incorrect. Because the IRS claim is in error for this line item, the entire tax due claim and interest is without merit and must be denied.
2. Any return or submission that shows a different amount or different earnings or income (interest & dividends) are incorrect, and have been revoked and rescinded in writing. Therefore this portion of the claim should be denied..

IRS Complaint
Page 6 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 6 of 15

f. Objection is made to the Secured Claim at line 6 for the Tax Period of 2007 entitled "civil pen" (assumption this refers to 26 USC §6702) in the amount of $45,000.00 plus $13,782.50 interest because:

1. The $45,000.00 total penalty amount is a cumulative amount with assessment dates of 11/24/2008 for $5,000.00, 12/1/2008 for $5,000.00, 2/28/2011 for $30,000.00 and 5/23/2011 for $5,000.00. The cut-off date for assessing a tax for 2007 tax year is 4/15/2011 (26 CFR 301.6501(c)-1(c)). The penalty assessed on 5/23/2011 is time barred (§6501) and must be denied.
2. The penalty assessed on 2/28/2011 for $30,000.00 exceeds the §6702 statutory limit by $25,000.00 and must be reduced or denied for exceeding the statutory limit.
3. The Plaintiff filed no submission(s) that would support the assessment of §6702 penalties against Engen. Notwithstanding same, if such submission(s) were made, all such submissions were revoked and rescinded in writing.
4. No written management approval was issued, which is required in order to assess a §6702 penalty for a frivolous tax submission pursuant to 26 U.S.C. §6751(b)(1);
5. The IRS did not give the Plaintiff an opportunity to withdraw any submission that the IRS deemed to be frivolous under §6702(b), and that therefore before the penalty may be assessed, the Plaintiff has to be given the opportunity to withdraw any such submission(s), if made.

IRS Complaint
Page 7 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 7 of 15

6. Engen had no amounts due for taxes in 2007 due to her earnings below the filing threshold. There must be an amount due in order to assess a penalty as required by §6651(a).

g. Objection is made to the IRS Proof of Claim at line 7 for the Tax Period of 2008 entitled "civil pen" (assumption this refers to 26 USC §6702) in the amount of $10,000.00 and interest of $3,832.79 because:

1. Engen did not work in tax year 2008 and was not required to file any returns. Engen made no submission(s) under §6702.
2. No written management approval was executed to assess the frivolous penalties, which is required in order to assess a §6702 penalty for a frivolous tax submission pursuant to 26 U.S.C. §6751(b)(1);
3. The IRS did not give the Plaintiff an opportunity to withdraw any submission(s) that the IRS deemed to be frivolous under §6702(b), and before the penalty may be assessed, the Plaintiff has to be given the opportunity to withdraw any such submission, if made, which was not done.
4. Engen had no taxable income for 2008, therefore, there are no tax amounts due for any penalty to be added to as required by §6651(a).

h. Objection is further made to the Civil Penalties at line 1 for Tax Period 2004, line 3 for Tax Period 2005, line 6 for Tax Period 2007 and line 7 for Tax Period 2008 because the IRS is relying upon account and penalty <u>transcripts</u>. Every single penalty transcript dated line item indicates wherever a §6702 penalty was assessed

IRS Complaint
Page 8 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 8 of 15

that the event triggering for the penalty is: "IRC 6702 Penalty for Filing Frivolous Tax Return." <u>Therefore, each penalty assessed must be associated with the filing of a corresponding return on a specific date</u>. No returns were filed on the dates corresponding to the IRS Response to Objection to Claim filed herein, which are incorporated by reference on the Chart (pages 5-6), no such returns were filed for tax periods 2004, 2006 and 2008 allowing for such frivolous assessment.

i. For tax period 2004, one IRS transcript indicates three returns were filed; another transcript indicates four returns. Four separate penalties were assessed. No such returns were filed, and the penalty(s) should be denied. Plaintiff did not file any tax returns for 2004.

j. For tax period 2005, one IRS transcript indicates two returns were filed and two IRS transcripts indicate three returns were filed. Six separate penalties were assessed. No such returns were filed, and the penalty(s) should be denied; and if such returns were filed, all such returns were revoked and rescinded in writing.

k. For tax period 2006, one IRS transcript indicates four returns were filed, one being a duplicate. Another IRS transcript indicates five returns were filed, one being a duplicate. Three penalties were assessed. No such returns were filed, and the penalty(s) should be denied.

IRS Complaint
Page 9 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 9 of 15

l.  For tax period 2007, all IRS transcripts indicate four returns were filed with two being duplicates.  Four penalties were assessed. No such returns were filed, and the penalty(s) should be denied.

m.  For tax period 2008, all IRS transcripts indicate no returns were filed, but two penalties were assessed for filing frivolous tax returns. The penalties should be denied.

n.  Therefore all taxes, penalties and interest for these tax periods should be disallowed.

o.  Objection is made to all "timely assessments" of "income taxes" and section 6702 penalties by a "duly authorized delegate of the Secretary of the Treasury" because this alleged delegate or delegates has not been identified making it impossible to verify their credentials and authority.  Until this information has been supplied, the allegation is not a fact, and the assessments should be denied.

p.  Notwithstanding all separate objections made to the IRS Claim as amended for "assessments" of taxes and penalties owed, an all encompassing objection is made to all alleged assessments due to violations of 26 USC §§ 6201 and 6203 by IRS employees:.
   1. Pursuant to 26 USC §6201 and the regulations thereunder, the Secretary is authorized and required to make the assessments of all taxes which have not been duly paid at the time and in the manner provided by law.
   2. Engen contacted the Secretary via a Privacy Act request for records of all debts owed to the United States

IRS Complaint  
Page 10 of 8

Vortman & Feinstein  
929 108th Ave. NE, Ste 1200  
206-223-9595  
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 10 of 15

government and received a response that there are <u>no delinquent accounts in the Secretary's records with regards to Engen for the tax years 2004 through 2008</u>.

3. Furthermore, to make a valid assessment under Section 6203 the IRS must record the assessment on a signed summary record of assessment and create a supporting record which includes all the elements referred to in the associated regulation. The date of the assessment is the date the summary record is signed by an assessment officer. No signed assessment records with regards to any of the tax periods at issue were made.

4. §6203 also provides that upon request, the Secretary shall furnish the taxpayer with the record of assessment. A 2009 FOIA request made by Engen for such records for tax periods 2004 through 2008 returned a response indicating there are no assessment records on file for those tax periods.

5. Therefore, since a valid assessment is a condition precedent for collection, the entire IRS claim is unauthorized and must be disallowed.

q. Objection is made to Proof of Claim attachment "Internal Revenue Service Facsimile Federal Tax Lien Document," pages 6 and 7, "Total" $33,496.00 and $63,578.38 respectively, because the "Authorizing Official: DEBRA K. HURST Title: ACS W&I 12-00-0000" does not display an employee identification number that comports with the appointment affidavit(s) obtained by Engen pursuant to a FOIA request. Said FOIA response states that the

IRS Complaint
Page 11 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 11 of 15

individual, a "DEBRA K. CLAXTON," no longer works at the IRS. Until the date of separation is known and the credentials can be authenticated, these Notice of Lien filings are unauthorized for tax periods 2005 and 2006 and must be disallowed.

 r. Objection is made to Claim attachment "Internal Revenue Service Facsimile Federal Tax Lien Document," pages 8, 9 and 12, "Total" $134,802.85, 67,945.54 and $36,929.55 respectively, because the "Authorizing Official: EVELYN SMITH 27-02-4325 Title: REVENUE OFFICER" has not been sufficiently identified by the IRS. A Dec. 18, 2017 FOIA request submitted by Engen as to this individual's credentials and authority was responded to by an IRS disclosure office with an appointment affidavit which has the name of the individual completely whited out, making it impossible to ascertain who the appointment pertains to. Until the authority, credentials and legal name of "EVELYN SMITH" are revealed and authenticated these "Total" amounts are unauthorized for tax periods 2004, 2005, 2006, 2007 and 2008 and must be disallowed.

 s. Objection is made to Claim attachment "Internal Revenue Service Facsimile Federal Tax Lien Document," pages 10 and 11, "Total" $35,378.49 and $35,378.49 respectively, because the "Authorizing Official: RONDA WRIGHT Title: REVENUE OFFICER 27-02-4325" has not been sufficiently identified by the IRS. A Jan. 30, 2018 FOIA response allegedly for this individual has the name completely whited out on all responsive documents making it impossible to ascertain who the documents pertain to. Until the authority, credentials and legal name of "RONDA WRIGHT" are

IRS Complaint
Page 12 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD Doc 1 Filed 10/31/18 Ent. 10/31/18 12:40:48 Pg. 12 of 15

revealed and authenticated these "Total" amounts are unauthorized for tax period 2005 and must be disallowed.

t. The penalties, as set forth in the Proof of Claim, as Amended No. 1, are "additions to tax under Subchapter A of Chapter 68 of the I.R.C." The controlling code section is §6651(a) which requires that an amount of tax must first be due in order to add a penalty to it. Engen did not have any taxable income for tax periods 2004 through 2008, other than noted previously for 2005, and therefore no amounts are due because §6651(a) mandates that penalties be *added* to tax amounts due. This single statute alone causes all penalties for these tax periods to be outside the requirements of the statutes and must be denied.

u. The income tax claim in 2007 is objected to. Engen earnings are below the requirement to file a return. Further, a Nov. 2, 2010 "Record of Account" transcript obtained by Engen shows zero wages for the 2007 tax period. The amount shown on the transcript is listed as computer generated. The income tax claim and the penalties for 2007 must be denied.

v. The Plaintiff did have a pension distribution for 2005, which was income and may have required a return being filed and taxes due. The IRS failed to timely assess the income tax in 2005 and therefore under §6501 and §6651(a)), the claims are barred and must be denied.

IRS Complaint
Page 13 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 13 of 15

Therefore the entire claim that the IRS has made against Engen should be denied.

Dated this 29th day of October, 2018.

/s/ Larry B Feinstein

_____
Larry B Feinstein, WSBA #6074
Attorney for Plaintiff

## DECLARATION OF CAROL ENGEN

Carol Engen, duly sworn upon oath under the laws of the State of Washington, declares and states under penalties of perjury, that she has read the foregoing complaint, is familiar with the facts contained therein, and that to the best of her knowledge and belief, all the facts and allegations contained in the above complaint are true and correct.

Dated is _31___ day of October, 2018.

_____
Carol Engen, Plaintiff

IRS Complaint
Page 14 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355

Case 18-01152-TWD    Doc 1    Filed 10/31/18    Ent. 10/31/18 12:40:48    Pg. 14 of 15

timely assess the tax in 2005 and therefore under §6501 and §6651(a)), the claims are barred and must be denied.

Therefore the entire claim that the IRS has made against Engen should be denied.

Dated this 29th day of October, 2018.

/s/ Larry B Feinstein
_____
Larry B Feinstein, WSBA #6074
Attorney for Plaintiff

## DECLARATION OF CAROL ENGEN

Carol Engen, duly sworn upon oath under the laws of the State of Washington, declares and states under penalties of perjury, that she has read the foregoing complaint, is familiar with the facts contained therein, and that to the best of her knowledge and belief, all the facts and allegations contained in the above complaint are true and correct.

Dated this _31___ day of October, 2018.

_____
Carol Engen, Plaintiff

IRS Complaint
Page 14 of 8

Vortman & Feinstein
929 108th Ave. NE, Ste 1200
206-223-9595
Fax: 206-386-5355